**Dismissed and Memorandum Opinion filed November 19, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00621-CV

### TRENEICE LANDRY HILLS, Appellant

### V.

### MILTON WYATT MARTIN, Appellee

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2023-15055**

## MEMORANDUM OPINION

Appellant Treneice Landry Hills filed a notice of appeal from the trial court's May 24, 2023 "Order Granting Milton Wyatt Martin's Rule 91a Motion to Dismiss Baseless Cause of Action." On appeal, she contends the trial court erred in granting Appellee Milton Wyatt Martin's motion to dismiss because (1) the motion was procedurally improper under the Texas Tort Claims Act; (2) Texas Civil Practice and Remedies Code section 101.106 "does not apply to claims against individuals who cause accidents while not in the course and scope of

employment for the governmental entity"; and (3) the policy behind the Texas Tort Claims Act is not furthered by dismissing Martin from the suit. We dismiss the appeal for want of subject matter jurisdiction.

## BACKGROUND

On March 8, 2023, Hills sued Defendants Martin, the City of Houston, State Farm Automobile Insurance Company, and XCZ Insurance Company. In her original petition, Hills alleged that Martin, who is a police officer employed by the City of Houston, "aggressively and forcefully accelerated his vehicle in a forward-like motion and, while moving at an alarming speed, violently smashed its front-end into the back-passenger side of" Hills' vehicle, causing her injuries and damages to her vehicle. Hills asserted negligence claims.

State Farm filed its original answer, asserting a general denial on March 31, 2023. The City of Houston filed its original answer and special exceptions on April 10, 2023, asserting, among other things, a general denial and governmental immunity from suit and liability "to all of Plaintiff's claims." On April 20, 2023, Martin filed his Rule 91a Motion to Dismiss Baseless Cause of Action, and a few weeks later, Hills filed her Opposition to Milton Wyatt Martin's Rule 91a Motion to Dismiss. On May 24, 2023, the trial court signed an order granting Martin's motion to dismiss.

On June 22, 2023, Hills filed a Motion for Reconsideration/New Trial, and two weeks later, Martin filed his response to Hills' motion. On July 13, 2023, the trial court denied Hills' motion. She filed a notice of appeal on August 22, 2023.[1]

---

[1] Hills and Martin are the only parties who filed briefs in this court.

As an initial matter, we consider whether we have jurisdiction to address the merits of this appeal. Martin argues in his brief that this court lacks jurisdiction over Hills' appeal because it is an interlocutory appeal that is not authorized by Texas Civil Practice and Remedies Code section 51.014. Without citing any authority, Hills responds that "the record clearly demonstrates that the order was final and appealable, as was stated in the text of the order."

Unless a statute authorizes an interlocutory appeal, we generally only have jurisdiction over final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). We strictly apply statutes granting interlocutory appeals because they are narrow exceptions to the general rule that interlocutory orders are not immediately appealable. *Perez*, 340 S.W.3d at 447-48; *see Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

An order granting a motion to dismiss under Texas Rule of Civil Procedure 91a has not been specifically designated as an appealable interlocutory order. *Harrell v. Evans*, No. 01-21-00666-CV, 2023 WL 3634318, at *3 (Tex. App.—Houston [1st Dist.] May 25, 2023, no pet.) (mem. op.); *Gause v. Triumph Hosp. of N. Houston, L.P.*, No. 14-18-00723-CV, 2018 WL 6217412, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2018, no pet.) (mem. op.) (per curiam); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Therefore, we may exercise jurisdiction over this appeal only if the trial court's order constitutes a final judgment. *Harrell*, 2023 WL 3634318, at *3; *McClairne v. PrimeWay Fed. Credit Union*, No. 01-22-00812-CV, 2023 WL 307484, at *1 (Tex. App.—Houston [1st Dist.] Jan. 19, 2023, no pet.) (mem. op.) (per curiam); *see also Gause*, 2018 WL

6217412, at *1.

In cases in which a judgment has been rendered without a conventional trial on the merits, the judgment is not final unless it (1) actually disposes of every pending claim and party or (2) clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam); *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801-02 (Tex. 2020) (per curiam); *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (per curiam); *Lehmann*, 39 S.W.3d at 205. Although "[t]alismanic phrases are not required or dispositive," "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention." *Jones*, 629 S.W.3d at 924 (quoting *Lehmann*, 39 S.W.3d at 206). If an order contains a "clear and unequivocal" finality statement disposing of the entire case, the order is final, and the failure to actually dispose of all claims and parties renders the order erroneous but not interlocutory. *Id.*; *Elizondo*, 544 S.W.3d at 828.

Here, the trial court's order does not satisfy either of the requirements set forth above. The order states: "After considering the motion, the response (if any), and/or the arguments of counsel (if any) the Court finds the motion is meritorious and should be GRANTED. Accordingly, the Court HEREBY GRANTS the motion and ORDERS that all of Plaintiff's claims against Defendant Milton Wyatt Martin are DISMISSED. This order is Final and Appealable."

The order disposes only of Hills' claims against Martin. It neither mentions the other defendants Hills sued — the City of Houston, State Farm Automobile Insurance Company, and XCZ Insurance Company — nor does it dispose of any claims Hills asserted against the remaining defendants. Additionally, the trial court's order does not state "with unmistakable clarity that it is a final judgment as

4

to all claims and all parties." *See Lehmann*, 39 S.W.3d at 192-93; *Harrell*, 2023 WL 3634318, at *5.

Because Hills appealed an interlocutory order and failed to identify a statute (and we have found none) that would authorize an interlocutory appeal from the trial court's order granting Martin's motion to dismiss under Rule 91a, we conclude that we lack appellate jurisdiction over Hills' appeal.

## CONCLUSION

We dismiss the appeal for want of jurisdiction.

/s/    Meagan Hassan
        Justice

Panel consists of Justices Wise, Spain, and Hassan.